IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:02-CR-0295 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **VINCENT ELLIS WILSON** | : | |

## MEMORANDUM

Presently before the court are defendant's motions: 1) "to vacate, set aside or correct sentence," 2) "for bail while awaiting the results of pending motion to vacate, set aside, or correct sentence," and 3) "to schedule an evidentiary hearing and for appointment of counsel on defendants [sic] pending motion to vacate, set aside, or correct sentence." (Docs. 520, 545, 547.) Defendant asserts that he received ineffective assistance of counsel during negotiation of his plea agreement. (Doc. 520 at 14-16.) Because the motions for bail and an evidentiary hearing are contingent upon a finding that defendant's counsel was ineffective, the court will turn first to that issue.

A.  **Procedural History**

The prosecution made its plea proposal on the day of trial, after several months of unsuccessful negotiations and after the identification of several, previously confidential, witnesses. (Docs. 362, 363, 398, 409.) At a plea colloquy on the same day, the court questioned defendant and his co-defendants about the nature of the agreement and their understanding of its terms. (Docs. 403, 431.) Defendant's responses demonstrated that he understood the ramifications of the

plea, that an adequate factual basis existed to support his conviction, and that the plea was informed and voluntary. (Docs. 409, 410.) The court denied defendant's motion to withdraw his guilty plea. (Doc. 447.)

In his direct appeal, defendant argued that enforcement of the plea agreement's waiver provision would constitute a "miscarriage of justice" because the plea was the result of coercion. The Third Circuit rejected defendant's argument, noting that package plea agreements are not *per se* unconstitutional; instead, such agreements are honored unless they are entered into under coercive circumstances. United States v. Wilson, 429 F.3d 455, 459 (3d Cir. 2005).

**B.     Discussion**

In the instant case, defendant filed a § 2255 petition, claiming that his "imprisonment . . . is not only erroneous but is also void." (Doc. 520.) A § 2255 petition is a collateral attack on a conviction. The Third Circuit has not directly addressed the enforceability of plea agreement provisions which purport to waive collateral attack rights under § 2255. In a footnote in Wilson, however, the court stated that "such waivers have been enforced in other circuits." See Wilson, 429 F.3d at 461 n.6 (citing various cases for the proposition that a waiver knowingly and voluntarily made is enforceable in both direct and collateral appeals provided that the waiver is expressly stated in the plea agreement); see also United States v. Robinson, No. CRIM. 02-760, Civ. 04-884, 2004 WL 1169112 (E.D. Pa. Apr. 30, 2004) (citing Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1998) ("[W]aivers are enforceable as a general rule; the right to mount a collateral attack pursuant to §

2

2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.").

The only exceptions to the general rule of enforceability of a waiver are: 1) a defendant's claim of ineffective assistance of counsel that directly relates to the waiver and 2) a defendant's claim that the waiver would result in a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001). In the matter *sub judice*, the Third Circuit simply concluded that enforcement of defendant's plea agreement would not constitute a miscarriage of justice. Hence, the court need not address the second exception to enforceability of the waiver. See Wilson, 429 F.3d at 460 (stating that defendant's plea agreement did not constitute a miscarriage of justice because it was the result of a knowing and voluntary waiver).

With respect to the first exception, ineffective assistance of counsel, defendant asserts that his counsel advised him "to accept the plea offer without first investigating the case [and] without advising the Petitioner of the alternatives available." (Doc. 520 at 16.)[1] If a plea is entered under *coercive* circumstances, it is unconstitutional and invalid. See Jones, 336 F.3d at 252; see also United States v. Mescual-Cruz, 387 F.3d 1, 7 (1st Cir. 2004); United States v. Vest, 125 F.3d 676, 679 (8th Cir. 1997); United States v. Farley, 72 F.3d 158, 164 (D.C. Cir. 1995). A valid plea agreement deprives this court of jurisdiction, Khattak, 273 F.3d at 557, and, therefore, the court must examine the validity of the waiver provision and plea

---

[1] The court notes that, in his direct appeal, defendant did not contend that his waiver was unknowingly or involuntarily given.

agreement by determining whether defendant entered into the plea knowingly and voluntarily.  See Jones, 336 F.3d at 253 (citing Hill v. Lockhart, 474 U.S. 52, 56 (1985)).  If the plea agreement was not entered into knowingly and voluntarily, but rather was the fruit of a negotiation wherein defendant received ineffective assistance, defendant's appeal rights "cannot be barred by the agreement itself." Jones, 336 F.3d at 253.  To do so would deprive defendant of his Sixth Amendment right to counsel.  Id.

In assessing whether the agreement was unknowing or involuntary, the role of the sentencing judge in the plea colloquy is critical.  Khattak, 273 F.3d at 563.  Under Federal Rule of Criminal Procedure 11, the court must address the defendant in open court and ensure that he comprehends the terms of both the plea agreement and the waiver of his right to appeal or collaterally attack the sentence. Perez, 2006 WL 3300376; see United States v. Hernadez, 242 F.3d 110, 112 (2d Cir. 2001) (noting that in a claim of ineffective assistance of counsel, the court is entitled to rely upon the defendant's sworn statements in open court that he understood the consequences of the plea).

In the action *sub judice*, the plea colloquy conducted by the court reveals that defendant understood the consequences of his plea and had not been improperly pressured by the government or his co-defendants.  The court described the nature of the offenses with which defendant was charged and the potential consequences of his plea.  During the colloquy the court asked defendant if he was "satisfied with the representation" he received by his attorney, to which defendant answered in

4

the affirmative. (Doc. 427 at 7)  Defendant additionally confirmed that he "had enough time to review" the charges with his attorney and that his attorney not only "fully explained [defendant's] trial rights, but also explained the defenses . . . [he] could bring to those charges." (Doc. 427 at 12.)  Defendant also affirmatively responded that he voluntarily waived his "constitutional right" to indictment by grand jury and a subsequent jury trial. (Doc. 427 at 12, 14.)  Most pertinent to the action *sub judice*, the court directly asked defendant if he understood that he was "waiving [his] right to appeal [his] sentence," to which defendant also responded in the affirmative. (Doc 427 at 27-28.)  Finally, the court asked defendant whether "anyone" had made any promises or threats to induce him to execute the plea agreement and enter the plea.[2]  Defendant responded in the negative, and affirmed that the plea represented his own choice.  (Doc. 437 at 19-20.)  The court correctly accepted the plea as knowing and voluntary. See Hill, 474 U.S. at 56; see also FED. R. CRIM. P. 11.

In sum, defendant has not met his burden of demonstrating that he received ineffective assistance of counsel, because, as exhibited by the plea colloquy, the plea agreement was the result of defendant's knowingly and voluntary waiver. Defendant does not challenge his admissions at the plea colloquy to participating in a scheme to distribute more than fifty grams of cocaine base.  Instead, he states that

---

[2] Cf. United States v. Martinez-Molina, 64 F.3d 719, 732-33 (1st Cir. 1995) (reversing denial of motion to withdraw because court had asked only whether defendant was pressured by the government).

he "believes that he has viable pre-trial issues that could have been filed." (Doc. 416 at 2-3.) These issues relate primarily to alleged procedural errors in the filing of the indictment. They do not go to the general issue of guilt or suggest defendant's factual innocence, nor do the heretofore addressed allegations of the alleged ineffective assistance of counsel relate to the plea agreement.

**C.     Conclusion**

For the forgoing reasons, defendant's motions (Docs. 520, 545, 547) will be denied. An appropriate order will issue.

       S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     March 6, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:02-CR-0295** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **VINCENT ELLIS WILSON** | : | |

## ORDER

AND NOW, this 6th day of March, 2007, upon consideration of defendant's motions 1) "to vacate, set aside or correct sentence," 2) "for bail while awaiting the results of pending motion to vacate, sent aside, or correct sentence," and 3) "to schedule an evidentiary hearing and for appointment of counsel on defendants [sic] pending motion to vacate, set aside, or correct sentence" (Docs. 520, 545, 547), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that defendant's motions (Doc. 520, 545, 547) are DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge